EXHIBIT 1

# DICK FAMILY TRUST NO. 1

This Trust Agreement is made and executed as of this __31st__ day of __December__, 198__4__, by RICHARD G. de W. WIGLEY, of the States of Jersey, in the Channel Islands, the Settlor, and CORINNE M.A. BROWN and JOSEPH A. BABICH, both of Denver, Colorado, hereinafter jointly referred to as "Trustee".

## PART ONE
## NAME OF TRUST

The name of this trust is the DICK FAMILY TRUST NO. 1.

## PART TWO
## FUNDING OF TRUST

Settlor, desiring to create a trust for the benefit of TANYA MARYA DICK, referred to in this Trust Agreement as "the initial beneficiary", hereby transfers and assigns to Trustee the property listed in Schedule A attached hereto. All such property, together with all additions and accretions thereto, and any substitutions therefor, is hereinafter referred to as the principal, to be held, administered, and distributed as provided herein.

PART THREE

IRREVOCABILITY

This trust shall be irrevocable and, except as otherwise provided in this Agreement, Settlor reserves no right or power to alter, modify, amend or terminate the terms of this Trust Agreement, either alone or in conjunction with any other person.

PART FOUR

RIGHTS RESERVED BY SETTLOR

Settlor may make additions to the principal during his lifetime or by his Will, and authorizes Trustee to receive additions to the principal, whether made before or after the death of Settlor and whether made by Settlor or by any other person.

PART FIVE

DISPOSITION OF TRUST ESTATE

SECTION I: INVESTMENT AND MANAGEMENT

During the term of the trust, Trustee shall hold, manage, invest, and reinvest the trust estate, collect the income and profits therefrom, pay the necessary expenses of administration, and distribute the net income and principal as provided in this Trust Agreement.

SECTION II:   DISTRIBUTION OF TRUST

    A.   Administration of Property. All property held by Trustee shall be administered and distributed as provided in this Section.

    B.   Distribution to the Initial Beneficiary and Successor Beneficiaries. During the term of the trust, Trustee may in Trustee's sole discretion pay to or apply for the benefit of the initial beneficiary as much of the net income and principal of the trust as Trustee deems necessary or advisable. On the death of the initial beneficiary, her issue living from time to time during the term of the trust shall be the beneficiaries of the trust, and the Trustee shall pay to or for the benefit of such issue as much of the net income and principal of the trust as Trustee deems necessary or advisable, in equal or unequal shares. At such time during the term of the trust as there shall be no living issue of the initial beneficiary, the class composed of JOHN WILLIAM DICK II, ELISABETH LOU DICK, and STEPHEN FLEMMER and their respective issue and such charitable organization or organizations which exist for the benefit of children and young people whose needs are not being otherwise satisfied, as Trustee shall determine, shall be the beneficiaries of the trust, and Trustee shall pay to or for the benefit of the members of such class, in equal or unequal

shares, as much of the net income and principal of the trust as Trustee deems necessary or advisable. Any income not distributed during any accounting year of the trust shall be accumulated and added to principal. In making discretionary distributions hereunder, Trustee shall take into consideration, to the extent Trustee deems advisable, any income or other resources of such beneficiaries outside the trust and known to Trustee, in order that Trustee will be fully aware of the beneficiarys' needs.

      C. <u>Term of Trust</u>. The trust shall terminate on the first to occur of (a) the exhaustion of the trust estate or (b) twenty-one years after the death of the last survivor of the group composed of all of the issue of Her Majesty Queen Elizabeth II, the reigning British monarch, who are living at the date of creation of the trust. Upon expiration of such term, the Trustee shall distribute the net income and any remaining principal to the then living individual members of the then existing class of beneficiaries, in equal shares.

P A R T   S I X

A D M I N I S T R A T I V E   P R O V I S I O N S

SECTION I: ADMINISTRATIVE POWERS

      A. <u>Fiduciaries' Powers Act</u>. If the situs of administration of the trust is in Colorado, Trustee may

-4-

exercise all of the powers in the Colorado Fiduciaries' Powers Act, as amended after the date of this Trust Agreement. If the situs of administration of the trust is outside Colorado, Trustee may also exercise all the powers in the Colorado Fiduciaries' Powers Act, which Settlor incorporates in the trust as the Act exists on the date of this Trust Agreement. Without limiting such powers in any way, Trustee is specifically authorized to invest in limited partnerships or to acquire securities which would not be regarded as traditional trust investments, such as speculative stocks or other securities, or speculative property interests in real or personal property, including both tangible and intangible personal property.

    B. <u>Distributions in Kind</u>. Trustee is specifically authorized to make divisions and distributions of the trust estate in cash or in kind, or partly in cash and partly in kind, or by way of undivided interests. Trustee need not make pro rata divisions and distributions in kind but may allocate specific assets to any person or share although such assets may differ in kind from assets allocated to any other person or share, notwithstanding differences in the income tax bases of such assets.

C.  <u>Minors and Beneficiaries under Disability</u>.
Whenever under any provisions of this Trust Agreement a payment of income or principal is authorized or required to be made to a minor or a person under legal or other disability, without regard to whether such person is legally so adjudicated, such payment may be made by Trustee in any way permitted by law, without continuing court supervision or the intervention of a guardian or conservator or other fiduciary, and without giving or requiring any bond.  Specifically, payment may be made: (1) directly to or on behalf of such beneficiary; (2) to an account in a bank or savings institution in the name of such beneficiary or in a form reserving title, management and custody of such account to a suitable person for the use of such beneficiary; (3) in any form of annuity; (4) to any person or financial institution, including Trustee, as custodian under the Uniform Gifts or Transfers to Minors Act of any state, and in all other ways provided by any statute dealing with gifts or distributions to or for minors or persons under disability; or (5) to any suitable person with whom such beneficiary resides or who has the care or custody of such beneficiary.  Any distribution so made shall be without obligation on the part of Trustee to see to the further application thereof.  A receipt for any such distribution by the recipient shall fully discharge Trustee.

D. <u>Trust for Minor or Disabled Beneficiary</u>. If any part of the trust becomes distributable outright to a beneficiary under some other provision of this Trust Agreement at a time when such beneficiary has not attained the age of twenty-one years, or at a time when such beneficiary is under any form of disability and in the sole discretion of Trustee is unable properly to manage his or her financial affairs, such part of the trust shall vest indefeasibly in such beneficiary, but Trustee may retain the share of such beneficiary in a separate trust until he or she attains the age of twenty-one years or until his or her disability has ceased, whichever occurs later. During the term of any such separate trust, Trustee shall distribute to or apply for the benefit of such beneficiary as much of the net income and principal of such trust as Trustee shall determine, in Trustee's sole discretion. Any net income not so distributed shall be accumulated and added to principal. The principal and any accrued or undistributed net income shall be distributed to such beneficiary when he or she attains the age of twenty-one years or ceases to be disabled. If such beneficiary dies before attaining the age of twenty-one years or before such disability ceases, the principal and any accrued or undistributed net income shall be paid to his or her estate.

E. <u>Protection of Fiduciaries</u>. No Trustee serving hereunder shall be liable to any beneficiary for any matter arising out of the responsible exercise of fiduciary judgment, discretion, and responsibility by such fiduciary. Such matters may include, but are not limited to, such matters as elections which are available to Trustee under income, estate, inheritance, and gift tax laws, and allocations of assets in kind to beneficiaries on distribution, even if income tax bases of assets differ or such shares are composed differently or such distributions are made at differing times. Trustee shall not be required to do more than to make reasonable efforts to comply with applicable laws during the administration of this trust.

<u>SECTION II</u>:   <u>TRUST ADMINISTRATION</u>

A.   <u>Bond</u>. No Trustee acting under this Trust Agreement shall furnish bond unless required to do so by law, order of court, or procedural rule, in which event Settlor requests that no surety shall be required on any such bond.

B.   <u>No Court Supervision</u>. The trust shall always be administered free from the active supervision of any court and in any jurisdiction deemed advisable by Trustee. Proceedings to seek instructions or court determinations shall be initiated in the appropriate state court having original jurisdiction of

matters relating to the construction and administration of trusts.

C. <u>Resignation</u>. Any Trustee hereunder may resign by giving thirty days' written notice to the adult beneficiary then entitled to receive the income of the trust and to the parents or guardians of any then living minor beneficiary to whom distributions of the income of the trust or any separate trust are required or permitted hereunder or to any charitable organization or organization entitled to receive the income and/or principal of the trust. Such written notice shall be delivered by hand or by certified mail. Any corporate Trustee so resigning must designate a successor from among those banks and trust companies situated in the United States and having trust powers under applicable federal or state laws, and the acceptance of such successor corporate Trustee shall accompany the notice given hereunder by the corporate Trustee so resigning.

D. <u>Representative of Beneficiary</u>. The guardian or conservator of a beneficiary who is a minor or who is under any disability, or, if none has been appointed, the individual who has the care or custody of such beneficiary, may take any action or receive any notice which such beneficiary might take or receive under the administrative provisions of this Trust

-9-

Agreement, and his or her actions shall be fully binding on any beneficiaries under this Trust Agreement.

E. <u>Successor Trustee</u>. If either of the original Co-Trustees shall die, resign, become incompetent, or cease to act as Trustee for any reason, Settlor shall appoint a successor Trustee by a writing delivered to the surviving Trustee. Settlor may designate, in addition, a person or a succession of persons who shall have such power to appoint successor Trustees at any time and from time to time during the term of the trust, such designation to be in writing and delivered to the then acting Trustee or Co-Trustee. Any such designation may survive Settlor and any appointments of successor trustees may survive the person or persons designated by Settlor. If no such appointment is made by the person or persons having the power to designate a successor Trustee within sixty days after any such vacancy occurs, the Court having jurisdiction over the trust shall appoint a successor Trustee.

F. <u>Successor Liability</u>. No successor Trustee shall be liable or responsible in any way for the acts or defaults of any predecessor Trustee, or for any loss or expense incurred by any predecessor Trustee.

G. <u>Interested Trustee</u>. Notwithstanding the general powers conferred upon Trustee, no individual Trustee shall make

or participate in the making of discretionary distributions of income or principal to or for the benefit of such Trustee. In addition, no individual Trustee shall make or participate in the making of discretionary distributions to or for any person whom such Trustee is legally obligated to support, or shall terminate or be a party to the decision to terminate any trust hereunder in favor of any person whom such Trustee is legally obligated to support.

SECTION III:   DEFINITIONS, PRESUMPTIONS AND DIRECTIONS

    A.   Trustee.  As used throughout this Trust Agreement, the word "Trustee" shall always refer to the original Trustees as well as to any alternate or successor person, corporation, or other entity from time to time acting, whether in fact there shall be one or more Trustees acting from time to time.

    B.   Adopted and Afterborn Persons.  Persons who are legally adopted shall be treated for all purposes as the children of their adoptive parents.  A child in gestation who is later born alive shall be considered a child in being throughout the period of gestation.

    C.   Education.  As used in this Trust Agreement, "education" shall include any course of study or instruction at an accredited college or university granting undergraduate or

graduate degrees, or at any institution for specialized, vocational, or professional training, or at any institution offering an educational program at the grade or high school level or its equivalent. The term shall also include any course of study or instruction which may be useful in preparing an individual for a vocation consistent with the individual's apparent abilities and goals. Distributions for the education of the beneficiary of the trust may include such costs of tuition, fees, books, supplies, living expenses, and travel as Trustee shall determine to be appropriate, in Trustee's sole discretion.

D. *Incapacity*. For the purposes of this trust, an individual may be treated as being under legal or other disability, incompetent, or incapacitated if so declared or adjudicated by an appropriate court, or if a guardian, conservator, or other personal representative of such individual's person or estate or both shall have been appointed by an appropriate court. An individual may also be treated as being under legal or other disability, incompetent, or incapacitated if so certified in writing by his or her personal physician.

E. *Applicable Law*. The validity of this Trust Agreement shall be determined by reference to the laws of Colorado. Questions of construction and administration of the

trust shall be determined by reference to the laws of the state in which the trust is being administered.

IN WITNESS WHEREOF, the undersigned have executed this instrument effective the day and year first above written.

_____
RICHARD G. de W. WIGLEY, SETTLOR

_____
CORINNE M.A. BROWN, TRUSTEE

_____
JOSEPH A. BABICH, TRUSTEE

-13-