EXHIBIT 2

DISTRICT COURT, CITY AND COUNTY OF DENVER, STATE OF COLORADO

Case No. 88 DR 0281, Courtroom 5

**ORDER FOR DEFAULT JUDGMENT AGAINST LA HOUGUE BOETE SOCIETE FIDUCIARE AVEC RESPONSIBILITE LIMITEE**

In re the Marriage of:

ELISABETH L. DICK,

Petitioner-Plaintiff,

and

JOHN W. DICK,

Respondent-Defendant,

and

ALKOBEL, B.V., a Netherlands corporation, et al.,

Defendants.

---

This matter, having come before this Court upon the motion for default judgment filed by Elisabeth L. Dick against La Hougue Boete Societe Fiduciare Avec Responsibilite Limitee ("La Hougue Boete"), and it appearing that said Defendant has been served with a summons and the Second Amended Complaint and has failed to plead or otherwise defend within the time prescribed by law, and due notice having been taken of the affidavit filed in support of said motion, the Court finds, orders and enters judgment against La Hougue Boete as follows:

1. The Court has jurisdiction over La Hougue Boete Societe Fiduciare Avec Responsibilite Limitee because: (1) it has aided and abetted John W. Dick in the commission of tortious acts in Colorado, and is therefore subject to the jurisdiction of the Court under the Colorado Longarm Statute, § 13-1-124, C.R.S.; (2) it is and has acted as an alter-ego of John W. Dick; and (3) it has and is being used by John W. Dick to conceal the nature and extent of his assets to defeat the rights of Elisabeth L. Dick to an equitable division of their marital property.

2. Venue in this Court is proper because: (1) Elisabeth L. Dick is a resident of the State of Colorado; (2) John W. Dick resided in the State of Colorado during his marriage to Elisabeth L. Dick; (3) because La Hougue Boete Societe Fiduciare Avec Responsibilite Limitee committed tortious acts in the State of Colorado; and (4) La Hougue Boete Societe Fiduciare Avec Responsibilite Limitee is and has acted as an alter-ego of John W. Dick.

3. All of the issued shares of St. John's Manor Limited are held by La Hougue Boete, George De Winton Wigley and Howard Scholefield, as nominees of the Manorhouse Trust.

4. La Hougue Boete is beneficially owned and controlled by John W. Dick, and its legal existence separate and apart from John W. Dick shall be disregarded.

5. La Hougue Boete is hereby deemed and has acted as an alter-ego of John W. Dick.

6. The issued shares in La Hougue Boete are hereby determined to be marital property of John W. Dick and Elisabeth L. Dick.

7. All of the assets held by La Hougue Boete, including, but not limited to, its interest in St. John's Manor Limited and all of the issued stock of Tacoma Investments, N.V., a Netherlands Antilles corporation, are hereby determined to be marital property of Elisabeth L. Dick and John W. Dick.

8. Elisabeth L. Dick is hereby awarded an equitable share of La Hougue Boete, the amount of such share to be subsequently determined by this Court.

9. A constructive trust is hereby imposed upon all assets of La Hougue Boete for the benefit of Elisabeth L. Dick to the extent of Elisabeth L. Dick's equitable interest therein.

10. La Hougue Boete knowingly assisted John W. Dick in fraudulently concealing his assets and breaching his fiduciary duties to Elisabeth L. Dick. La Hougue Boete has participated in John W. Dick's ongoing plan, scheme or design to conceal his assets by holding title, either as trustee or in its own name, to monies, properties and assets, beneficially owned and controlled by John W. Dick. La Hougue Boete aided and abetted John W. Dick in breaching his fiduciary duties to Elisabeth L. Dick by knowingly withholding information relevant to determining the value, nature and

extent of John W. Dick's assets acquired both before and after their marriage. In aiding and abetting John W. Dick in breaching his fiduciary duties to Elisabeth L. Dick, La Hougue Boete acted with a willful, wanton and reckless disregard of the rights of Elisabeth L. Dick. As a direct and proximate result of La Hougue Boete's aiding and abetting John W. Dick in breaching his fiduciary duty to Elisabeth L. Dick, Elisabeth L. Dick has sustained damages, in an amount to be determined later by this Court.

11. This Court reserves jurisdiction to award any other relief against La Hougue Boete, which may be appropriate, including, but not limited to, the amount of damages to be awarded Elisabeth L. Dick in this matter, including compensatory, exemplary and punitive damages, costs and reasonable attorneys' fees.

12. All remaining issues referred to the Special Master for resolution.

Done and ordered this ___19___ day of ___Aug___ 1992 by the Court.

_____
District Court