EXHIBIT 4

# TRANSLATION
## Republic of Panama
## Superintendent of Banking



RESOLUTION SBP-FIDUCIARY-0028-2014

(4th of December of 2014)

THE SUPERINTENDENT OF BANKING

in use of its legal powers, and

CONSIDERING THAT

**PANTRUST INTERNATIONAL, S.A.** is a corporation organized and incorporated under the laws of the Republic of Panama, duly registered at File Card 577044, Digitally Registered Document (REDI) 1175404 of the Microfilm Section (Commercial) of the Public Registry, with Fiduciary License issued by the Superintendent of Banking of Panama through Fiduciary Resolution Number 010-2007 of the 21st day of August 2007, which allows it to operate the trust business in, or from the Republic of Panama;

Considering that Law Number 1 of 1984 of January 5th, 1984, which regulates trusts in Panama, provides in its article 36, second paragraph, that *"the National Banking Commission will supervise and ensure the proper functioning of the trust business in accordance with the legal provisions in force which direct it"*;

That the above is in accordance with what is established in the Executive Decree Number 16 of October 3rd of 1984, which regulates Law Number 1 of 1984, previously quoted herein, whereas article 17 provides: *"Empower the Commission to carry out or order the inspections that it considers appropriate, in order to verify compliance of the legal provisions governing the exercise of the trust business"*.

That, as follows, it is expedient to point out article 226 of the Banking Law[1]:

---
[1] banking law: Decree Law 9 of February 26, 1998, amended, inter alia, by Decree Law 2 of February 22, 2008, adopted as a single text, by Executive Decree No. 52 of 30 April 2008.

1

*Article 226. REFERENCES TO THE NATIONAL BANKING COMMISSION.* All references to the National Banking Commission in laws, decrees, and other provisions, as well as in contracts, agreements, arrangements or notices proclaimed prior to the present Decree Law, entails that such references where made likewise with respect to the Superintendence, and that the rights, powers, duties and functions of the former, established accordingly, shall be taken as rights, powers, duties and functions of the latter, except as otherwise expressly provided in the present Decree Law.

*Similarly, any reference to the Executive Director of the Banking Commission in national laws, decrees and other regulations, as well as contracts, agreements, arrangements or other notices proclaimed prior to the present Decree Law, implies that such references where also made with respect to the Superintendent, its powers, obligations, rights, faculties, duties and functions, until the Board of Directors decides otherwise.*

In consideration to the statements herein, the Superintendence, between June 24th and August 13th, 2013, executed an integral inspection of **PANTRUST INTERNATIONAL, S.A.**, its array of findings and recommendations being conveyed to the Trust Company on October 15th of 2013, which, in turn, generated a response to the reports by the Subject Supervised, by means of a Note of November 20th, 2013, delivering such responses as it deemed relevant at that time of the statement of findings, which was previously sent to it;

In attention to the comments of the Trust and in order to verify compliance with other requirements set out in the statement of findings and recommendations

Page 2 of 9 resolution SBP-Fidelity-0028-2014

previously mentioned, the Superintendence proceeded to execute, between the 16th of December, 2013 and January 2nd, 2014, a follow-up inspection of **PANTRUST INTERNATIONAL, S.A., and the** purpose being the substantiation of the following major aspects:



2

A. To confirm the structure and procedure by which **PANTRUST INTERNATIONAL, S.A.** constitutes Trusts for its customers and its management policies.

B. To verify the operative management of loans and the differences between the amounts of the loans granted, and the balance amount registered in the Account Receivable - Loan Financing.

C. To review the bookkeeping method and the bank accounts of the trusts managed, and to obtain confirmation that the funds assigned to the trust where set up in separate bank accounts and arranged independently from other monetary activities of the Trust, and such being individually identified for that purpose, with the objective that such constitute separate assets from the funds of the Trust.

D. To verify the duty of due diligence which should be performed by the Trust on its customers, and the assessment of the true owners or settlors; as well as the origin and provenance of the funds contributed to the trust.

That pursuing the aforementioned follow-up inspection, expanded sampling, as well as interviews of the executives and collaborators of the trust company, and after assessing the counter arguments, the following conclusions emerged, same which were reflected in the corresponding Inspection Report of April 9th, 2014, visible in Annex I of the file:

A. In spite of having stated its commitment to adjust to the Panamanian legislation, as shown in the Note of 24th of February 2014 (visible at page 20 of the file) and in the Act of Retirement of Trustee – Appointment of New Trustee (Substitution of Trustee) - Compensation and Change of Applicable Law, signed between Hougue Financial Management Services Limited and Pantrust International S.A., visible at page 51 of Annex 3 of the Follow-Up Inspection Report, Annex I of the file, the structure that **PANTRUST INTERNATIONAL, S.A.** presents and currently holds for the administration of the Trusts exhibits the ensuing features:

3

1. There is no contract between the Trust Company and each of the Settlors which contains, at least, the requirements specified in Article 9 of Law Number 1 of 1984, from which we can highlight the following:

    a. The appointment and identity of the settlors.

    b. The object of trusts.



    c. The actual amount of the assets held in trust.

    d. The origin and source of the resources handled under the structure of a trust company.

    e. The express appointment of the Resident Agent for each trust.

2. No formal accountability submission has been found from the trustee to the settlors, as provided in article 28 of Act 1 of 1984.

3. The establishment of the so-called "management companies" creates a veil which does not allow the display of transparency of such operations, which must be carried out in favor of trusts.

Page 3 of 9 Resolution SBP-Fidelity-0028-2014

4. The so-called "management companies" are legal schemes through which the owners of the Trust are, at the same time, dignitaries and directors, allowing the Trust, also to assert that these companies are the true settlors of trusts.

B. **PANTRUST INTERNATIONAL, S.A.**, through its structure and operation, engages in the activities of providing alleged loans, where the following features stand out:

1. There are serious doubts on the realization of the alleged loans granted with client funds, which comprises the risk of a loss of such assets held in trust, for the following reasons:

4

a. There is no documentation that supports the existence of the loan agreements, describing the details and information of the parties or the terms and conditions that ensure the performance of those transactions.

b. The Trustee invests the trust funds lending them under the form of alleged loans to companies and people who, as noted, do not refund payments of interest, nor capital reimbursement.

c. The list of alleged loans, as of January 2nd, 2014, exhibits disbursements granted to four (4) people, who are the beneficiaries, and which are related to the directors of **PANTRUST INTERNATIONAL, S.A.**

d. There are registries identified as **Dummyaccount re interestowed/ Dummyfund re interest (fictional due interests account / fictitious funds interest)** in the financial reports denominated **PAN/Primaryfund (USD)** where the interests of customer accounts are credited without any material evidence of actual payment of such interests to the creditor clients. They are merely entries in the account books. Nevertheless, the companies created as intermediary of the "loans" collect a percentage of the interests.

In general, the reimbursement of the loans to the account of the creditor clients could not be corroborated.

2. **PANTRUST INTERNATIONAL, S.A.**, in an apparent scheme of opacity and lack of transparency, created the following corporations: QUARTZ INTERNATIONAL FINANCE LIMITED and OXFORD FINANCIAL SERVICES LIMITED as intermediaries of the "loans" in order to hide, on the one hand, the identity of lender customer, and on the other hand, the identity of the borrower client, i.e., the beneficiaries. In addition, as mentioned above, they receive a percentage of the interest collected.

C. In flagrant violation of provisions of article 15 of Law Number 1 of 1984, there is a merger of the funds given in trust and other funds, all in bank accounts under the ownership of **PANTRUST INTERNATIONAL, S.A.**

5

1. Merger of assets:

   a. The Trustee argues that this finding has been resolved separating the moneys from other customers, who in turn, are companies that allegedly administer the trust assets of the trust itself.

   b. Accounts named PANTRUST INTERNATIONAL, S.A. - IN TRUST have been opened in different currencies, but such accounts do not identify their association to any one trust in particular. All funds held in trust are merged without separation of account by trust as required by law.

Page 4 of 9 Resolution SBP-Fidelity-0028-2014

   2. The analysis of the credits and debits transactions history exhibits multiple individual accounts that maintain overdraft, which are visible in Annex 14, page 227 of the Follow-up Inspection Report. The ability of the Trustee to open separate accounts for each client, with such overdrafts occurring in corporations that manage trusts funds, would be, in fact, questionable, considering the reality that it has so many accounts in overdraft and, moreover, it would be unthinkable to ensure whether the trustee could fulfill, in an adequate manner, the reimbursement of certain trust assets, without having to resort to the assets of other trusts or different trusts, which under no circumstances would be allowed, if such previous circumstances where to occur.

D. It was therein confirmed, from the selected sample files, the seriousness of the failure of due diligence duty to the customers of the Trust and to the resources of these clients, in order to prevent that the operations or transactions of the Trust Company are misused to commit the crimes of money-laundering and financing of terrorism, as required by the Law Number 42 of 2000 and ensuing guidelines:

   1. There is no reliable information and documentation specifying the identity of the true grantor.

2. There is no reliable information and documentation that shows the identity of the last beneficiary, if this is other than the settlor.

3. There is no reliable information and documentation indicating the source and origin of the resources contributed to the trust.

That, as a general conclusion, this Superintendence resolves that there are serious doubts about the ability of the Trust to honor its commitments, to maintain operations as a corporation and to continue operating from this jurisdiction.

With the delivery of the monitoring report, **PANTRUST INTERNATIONAL, S.A.**, was granted an additional 10 working days term, from May 6th, 2014, the date of the notification of the report, to submit in a responsible manner, truthful and direct arguments which would detract from the serious and severe findings, or otherwise to fully justify the above actions, which are:

1. The non-structuring of the trusts in accordance with the legal provisions in force in this country.
2. The opacity in dispensing moneys to affiliates, under the pretext of alleged non-documented loans, which introduces uncertainty about the legal possibility of holding these assets.
3. The merger of funds and the inexcusable existence of overdrafts, with no evidence of the manner in which the owners of the assets are to be reimbursed.
4. The obvious lack of documentation pertaining to the duty of due diligence to the clients of the company and its resources.

That, in its reply, **PANTRUST INTERNATIONAL, S.A.,** through special proxy, by means of a note of 14th of May 2014, visible at page 50 of the file, holds that there is nothing in the admonitions and in the requirements for corrections that is not being honored by the Trust, for example, insisting on the subject of contracts, the Trust contends that it is a "mere formality" required by the Panamanian legislation, nevertheless, the Trust manages its operations through what they call a "letter of instructions", in which the client exhibits its mandate to the trustee, pertaining to the management of the benefits of the trust; such "letter of instructions" is asserted as valid in other jurisdictions;

7

That on May 30th, 2014, the management of **PANTRUST INTERNATIONAL, S.A.** sent an alleged schedule, visible at pages 54 through 99 of the file, addressing the findings, specifically the Follow-up Inspection;

That with regard to Finding Number 1, in its retort, the trustee persists in establishing the trust agreement on the basis of "oral instructions and verbal accountability" and above

Page 5 of 9 resolution SBP-Fidelity-0028-2014

all, it insists that **PANTRUST INTERNATIONAL, S.A.** is authorized to execute and perform its mandate, not only as trustee, but furthermore, also as trustee on behalf of the client, this claim, under a mandate reportedly granted by each customer. It is noted that this scheme had been previously denied as of the end of April 2014, when the Follow-Up Inspection Report was notified;

That, in regards to Finding Number 2, on the existence of non-documented loans, **PANTRUST INTERNATIONAL, S.A.**, appealing to its own unsupported reasoning, intends to continue with its operating scheme, arguing, without providing any evidence, on the existence of significant assets that guarantee the reimbursement of its debts. Moreover, it declares, in an inexplicable manner, that it will be able to clearly identify, both debtors and lenders, as well as the terms of payment of interest and principal, beginning in October of 2014;

That, with regards to Finding Number 3, about the merger of funds, submitted in the Follow-Up Inspection Report, **PANTRUST INTERNATIONAL, S.A.** expects to circumvent the legal mandate, contained in Article 15 of Law Number 1 of 1984, which requires it to maintain separate accounts for each trust, contending in the first place, that such partition was not solicited, and secondly, arguing that it does not maintain separate accounts as "the majority of these accounts do not sustain constant movements and for that reason they are castigated by the banks";

That, with this behavior, the Trust Company makes it clear to this Supervisor, its decision to continue with its careless management of accounts, that it will maintain the funds of the

8

trust in a state of merger, such funds registered in parallel accounting books, that are manageable according to the best interests of the directors of **PANTRUST INTERNATIONAL, S.A.**;

With regard to Finding Number 4, referring to failure of compliance with its obligation of Due Diligence in regards to its clients and their resources, **PANTRUST INTERNATIONAL, S.A.**, also presented a schedule in which it indicates that by August 2014, it would contact customers and that it would not be until December 2014 when it could collect the information required by Law 42 of 2000 and Agreement Number 12 of 2005, such rules dealing with measures for the prevention of the crimes of Money Laundering and Financing of Terrorism;

That, with such response, provided at this time, in connection with **PANTRUST INTERNATIONAL, S.A.**, it is evidenced the serious failure of **PANTRUST INTERNATIONAL, S.A.**, to comply with the standards for the prevention of money laundering and the little concern that such important matter elicits;

That this Superintendence of Banking, supervisor of the fiduciary activity, replied to the responses and proposals of the Trust by means of notice SBP-DJ-N-3689-2014 on July 9th, 2014, visible at page 108 from the file;

Therefore this supervisory entity considers that **PANTRUST INTERNATIONAL, S.A.** is exercising the trust business in a harmful manner, hazardous to the public interest, its customers, and to the detriment of the good name of the financial center hosted in this jurisdiction;

That, as it can be seen, **PANTRUST INTERNATIONAL, S.A.** has undergone inspections, contentions and indications of aspects that should be improved, coupled with the varied opportunities that have been afforded to it, during this period, for the amendment of the irregularities and correction of the questionable activities of their operation. Such inspections, contentions and indications have been repeatedly neglected and **PANTRUST INTERNATIONAL, S.A.** has refused to provide information and to cooperate in the inspection process by purporting all sorts of subterfuges and excuses;

**PANTRUST INTERNATIONAL, S.A.**, has had several opportunities to explain or to adapt its actions to the provisos of the Trust Regime, which it persists in wasting;

That, in this regard, the Executive Decree Number 16 of October 3rd, 1984, in its article 18 provides:

Page 6 of 9 resolution SBP-Fidelity-0028-2014

"**Article 18.** *If the Commission$_2$ considers that a trust company is exercising the business of trust in a manner detrimental to the public interest or to its customers, or is infringing the laws or regulations of the business of trust, it may require such trust company to take the actions it deems necessary to remedy such violations, and according to the seriousness of the case, suspend or cancel the license...* "

$_2$Read in the context of article 226 of the Banking Law previously cited.

That this Superintendence requested in a formal manner that **PANTRUST INTERNATIONAL, S.A.** execute all actions considered necessary, and requested specific material actions to remedy the violations infringed on the trust regime, whilst to this date the Trust has not furnished proof of it having implemented the relevant corrective measures;

That the failure to comply by **PANTRUST INTERNATIONAL, S.A.**, with the legal and regulatory provisions governing the business of trust in the Republic of Panama, is clearly evident, especially, but not limited to, the following provisions:

- Of Law Number 1 of 1984:

    o  Article 9, in particular the paragraphs number 1, 3, 5, 6, and 7 on the essentials that should be contained in the trust contract.

    o  Article 15, which refers to the obligation of the trust to keep separate the assets of the trusts.

10

- o Article 28, which require the accountability of the financial records which should be accessible for examination.

- Executive Decree Number 16 of 1984:

    - o Article 28, which provides, in paragraph 3, the prohibition of lending funds from the trusts to its officers, directors, shareholders, employees, subsidiaries, affiliated or anyone related to the trust company.

- Agreement Number 12-2005;

    - o Article 5, which refers to the due diligence requirements for customers of the trust companies and their resources. Such duties are mandatory in accordance with the wording of article 1, paragraph 1 of the Law Number 42 of 2000.

    - o Article 8, which requires trusts to maintain and update a Manual or Guidebook regarding the "Know Your Client Policy".

In addition to all of the above, it is relevant to mention that the independent auditors Baker Tilley Panama, have audited the financial statements of **PANTRUST INTERNATIONAL, S.A.** up to December 31st, 2013, the related statements of income, the statements on changes in assets, and records on cash flow for the ending year, and a summary of major accounting policies and other explanatory notes;

It can be observed from the analysis of the balance sheet of **PANTRUST INTERNATIONAL, S.A.**, that the corporation exhibited a capital deficit of US$38,217.00, up to December 31, 2013, i.e. liabilities exceeding assets for such amount at that date. In addition, the Trust had delinquent accounts receivable and scarce results that require funding from its related companies. Finally, the corporation does not reveal in its notes to the financial statements, the types of trusts it manages or the value of the assets held in trust.

11

That this recurrent financial situation is not in line with the solvency, performance and transparency guidelines that such corporation should have in order to administer funds from third parties.

Page 7 of 9 resolution SBP-Fidelity-0028-2014

That there is no evidence that the findings identified in **PANTRUST INTERNATIONAL, S.A.** have been remedied up to this date, indicating that this trust carries out fiduciary operations in a manner harmful to its clients, which remain endangered, not only in their interests, but also in the public interest, which, taking into account the seriousness of the case, would make unavoidable the cancellation of its Trust License;

That, in accordance with article 226 of the Banking Law, quoted at the beginning of this Resolution, the Superintendent of Banking may proceed with **the cancellation of the Trust License** as provided for in article 18 of the Executive Decree Number 16, of October 3rd, 1984;

That, in the absence of a special procedure, the provisions on procedure established in the Law Number 38 of the 31st of July of 2000 will be followed, which sanctions the Organic Statute of the General Attorney's Office of the Administration, which regulates the General Administrative Procedure and stipulates special provisions.

That, as follows from article number 36 of Law Number 1 of 1984, it is an objective and function of the Superintendent of Banks (National Banking Commission), the endorsement of public confidence in the system and that this sustenance should ensure the proper functioning of the business of trusts in accordance with the legal provisions in force which govern it;

That, in accordance with that Article 18 of the Executive Decree Number 16 of 1984, if the Superintendent considers that the trust company is exercising the trust business in a manner detrimental to the public interest or harmful to its customers, or is in violation of the legal or regulatory provisions established for the trust business, it may require, as indeed it has with no positive results, to take the actions it deems necessary to remedy violations, and according to the seriousness of the case, to suspend or revoke its license;

12

That, by virtue of the foregoing and in use of its legal powers, the Superintendent of Banking,

**RESOLVES:**

**FIRST ARTICLE:** In accordance with the provisions of Executive Decree Number 16 of October 3rd, 1984, **COMMANDS** the corporation **PANTRUST INTERNATIONAL, S.A.**, a company organized and incorporated under the laws of the Republic of Panama, duly registered to File 577044, Digitally Registered Document (REDI) 1175404 of the Section of Microfilms (Commercial) of the Public Registry, with Trust License issued by the Superintendent of Banking of Panama through FID Resolution Number 010-2007 of August 21st, 2007, to exhibit, within the term designated in the fifth article of this resolution, sufficient proof and material evidence, with which to verify that it has corrected the infringement of the prohibitions ascertained in the fiduciary rules and its submission to the provisions challenged as not complied with, as it was informed to **PANTRUST INTERNATIONAL, S.A.**, which we list below with an indication of the challenged conduct:

1. In spite of having stated its commitment to adapt the instruments of the trust to the Panamanian legislation, the Trust Company has not produced the required contracts between **PANTRUST INTERNATIONAL, S.A.**, and each of the settlors, indicating, as provided in article 9 of Law Number 1 of the 5th of January of 1984 the following:

    a. The appointment and identity of the settlors.

    b. The objectives of the trusts.

    c. The actual amount of the assets held in trust.

    d. The origin and source of resources handled by the corporation under the structure of a trust.

Page 8 of 9 resolution SBP-Fidelity-0028-2014

    e. The express appointment of a Resident Agent for each trust.

13

2. There is a merger of the funds given in trust and other funds, all of them placed in bank accounts under the ownership of the Trust. **PANTRUST INTERNATIONAL, S.A.** holds all the resources of the trust in a state of merger, without separation of account by trust, in violation of the provisions of article 15 of Law Number 1 of 5th of January of 1984.

3. **PANTRUST INTERNATIONAL, S.A.**, has not shown any document that attests to any formal accountability record for each of the trusts it manages, and neither are such individual registries available for examination, all of these in violation of the provisions of Article 28 of Law Number 1 of the 5th of January of 1984, which refers to the obligation of the trust pertaining to the accountability of its management.

4. It has been determined that when **PANTRUST INTERNATIONAL, S.A.**, granted loans to "management companies", and also to so-called intermediary companies, of which the owners of the Trust are in turn, directors and officers, it operated in violation of Paragraph 3 of article 28 of the Executive Decree Number 16 of October 3rd, 1984 that stipulates the prohibition to the trustee of granting loans to its officers, directors, shareholders, employees, subsidiaries, affiliated or related to the trust company with funds from trusts.

5. Of the registries examined, various faults were committed against the obligation of Due Diligence by **PANTRUST INTERNATIONAL, S.A.**, in regards to its clients and their resources, duty which is required by Law 42-2000, especially in article 1, paragraph 1 and the ensuing guidelines, the Agreement 12-2005 of the Superintendent of Banking, which purpose is to prevent that the operations or transactions of the trust company are used to commit the crime of money laundering and financing of terrorism, as follows:

   a. **PANTRUST INTERNATIONAL, S.A.** does not have reliable information and documentation indicating the identity of the true grantor. (Agreement Number 12-2005, article 5, paragraph 1, literal a).

   b. In the absence of an appropriate structuring of the trusts, **PANTRUST INTERNATIONAL, S.A.** does not have any information about the purpose for which each of the trusts was established (Agreement 12-2005, article 5, paragraph 1, literal e).

14

c. **PANTRUST INTERNATIONAL, S.A.** does not maintain accurate information and documentation indicating the identity of the last beneficiary, if other than the settlor. (Agreement 12-2005, article 5, paragraph 1, literal f).

d. **PANTRUST INTERNATIONAL, S.A.** does not have reliable information and documentation indicating the source and origin of the resources contributed to the trust. (Agreement 12-2005, article 5, paragraph 1, literal g).

e. **PANTRUST INTERNATIONAL, S.A.** does not maintain material registries in its respective files of all procedures conducted to properly identify its clients (Agreement 12-2005, article 5, paragraph 1, literal h).

f. **PANTRUST INTERNATIONAL, S.A.**, has not provided a Manual or Guidebook explaining its "Know Your Client Policy", authorized by its Board of Directors, and much less has it updated such Manual regularly (Agreement 12-2005, article 8).

**SECOND ARTICLE:** If unable to fully comply with the requirements instructed in the preceding article, it is hereby **ORDERED** the cancellation of the Trust License granted to **PANTRUST INTERNATIONAL, S.A.**, that allowed it to engage in the trust business in the Republic of Panama, or from the Republic of Panama, which was formerly authorized by FID-Resolution Number 010-2007 of August 21st, 2007.

**THIRD ARTICLE**: **It is hereby EMPHASIZED** that the ruling of cancellation of the Trust License of **PANTRUST INTERNATIONAL, S.A.**, that might be adopted, if unable to obtain proof of compliance of the aforementioned requisites, is founded on the grounds recognized by the Executive Decree Number 16 of the 3rd of October of 1984 which, in its Article 23, paragraph e) stipulates: Breach of the prohibitions established in the trust rules or infringement of any of the provisions contained therein.

Page 9 of 9 resolution SBP-Fidelity-0028-2014

**ARTICLE FOUR**: **It is hereby DECLARED** that the Superintendent of Banking is empowered to require from **PANTRUST INTERNATIONAL, S.A.**, as indeed it has done, to

15

take actions in order to provide remedies for the violations specified before and, doing so, to present the evidence required in this regard and, in addition, the Superintendent of Banking has authority to order the cancellation of the Trust License, pursuant to article 18 of the Executive Decree Number 16 of October 3rd, 1984, in the context of article 226 and article 16, section I, paragraph 27 of the Banking Law.

**FIFTH ARTICLE: The Superintendent of Banking GRANTS to PANTRUST INTERNATIONAL, S.A.** a term of ten (10) business days, counted from the date of notification of the present resolution, to produce material proof and sufficient evidence as required in the First Article of this Resolution, or otherwise, to expound on its opposing retort to the decision herein decreed, accompanied by the evidence it may deemed conducive.

**SIXTH ARTICLE: PANTRUST INTERNATIONAL, S.A.**, from the date of notification of this present decision and onwards, is hereby **BANNED** from carrying out any operations and transactions assigned to it, and which, from the perspective and discretion of this Superintendent, may endanger the interests of the settlors and beneficiaries of the trusts, and which may undermine the stability and reputation of the system.

**SEVENTH ARTICLE: It is hereby ORDERED** that, since the financial situation of **PANTRUST INTERNATIONAL, S.A.** is not in line with the guidelines for solvency, performance and transparency that a corporation that administers funds from third parties must have, it is therefore resolved that all operations, transactions referred to in the preceding article, including, but not limited, to transfers by any title, granting of loans and credits, investments and transfers of any kind, will require a formal request and prior written approval from this Supervisor.

Against this Resolution, **PANTRUST INTERNATIONAL, S.A.**, may plea a specific Appeal for Reconsideration in accordance with article 29 of the Executive Decree Number 16 of the 3rd of October of 1984, which shall be formalized before the Superintendent within a period of five (5) business days, from the date of notification of the present Resolution.

**LEGAL BASIS**: Articles 9, 15, 28 and 36 of Law Number 1 of 1984; Articles 17, 18, 23 (e), 28 (3), 29, of the Executive Decree Number 16 of 1984; Article 1, paragraph 1, of Law

16

Number 42 of 2000; Article 5, Paragraphs a, e, f, g, h, Article 8 of the Agreement 12 of 2005; Article 201, Paragraph 31 of the Law Number 38 of 2000; Article 16 Section I, Paragraph 27 and Article 226 of the Banking Law.

Executed in the City of Panama, the fourth (4th) day of the month of December of two thousand fourteen (2014).

**NOTIFIED, PUBLISHED AND ENFORCED,**
**THE SUPERINTENDENT OF BANKING**
Alberto Diamond R.
/JCA

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

THE FOREGOING IS AN OFFICIAL AND TRUTHFUL TRANSLATION OF THE ORIGINAL DOCUMENT IN SPANISH, February 19th, 2015.

LIC. SERVIO TULIO GONZALEZ
Authorized Public Translator
License Number 72, 21-5-1987
Identity Card Number 8-220-1145