**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.: 1:25-cv-03923-CNS-CYC

TANYA DICK-STOCK and DARRIN STOCK,

      Plaintiffs,

vs.

BARCLAYS PLC;
BARCLAYS BANK PLC;
BARCLAYS TRUST INTERNATIONAL;
HSBC HOLDINGS PLC;
HSBC BANK PLC;
HSBC BANK USA, NATIONAL ASSOCIATION;
ZEDRA TRUST COMPANY (JERSEY) LIMITED;
and ZEDRA HOLDINGS (US) INC.,

      Defendants.

---

**PLAINTIFFS' MOTION FOR LEAVE TO FILE
SECOND AMENDED COMPLAINT**

---

Pursuant to Fed. R. Civ. P. 15(a)(2) and D.C.COLO.LCivR 15.1, Plaintiffs, Tanya Dick-Stock and Darrin Stock, through their undersigned attorneys, the law firm of Edwards Kirby, LLP, Patteson LLP, and Saliman Law, LLC, respectfully moves this Court for leave to file a Second Amended Complaint, stating as follows:

***CERTIFICATION OF CONFERRAL PURSUANT TO D.C.COLO.LCivR 7.1(a)***

The undersigned certifies that he has conferred with counsel for each of the Defendants that have appeared to date in this case concerning the requested relief, as fully evidenced by the

Joint Motion For Continuance of the Rule 16 Scheduling Conference and Related Deadlines [Doc. #101] filed in this Case on May 28, 2026. The May 28, 2026, Joint Motion was referred to the Magistrate Judge [See Doc. #102] who granted it on May 28, 2026 [Doc. #103]. That Order, recognizing the Parties' conferral about this matter, provided Plaintiffs with two options: Either file a motion for leave to file a Second Amended Complaint by today, June 4, 2026, to which the Defendants may file a response in opposition within 26 days; or provide a copy of the Second Amended Complaint to Defendants for review by today's date, and then file either the Motion for Leave to Amend, or a Consent to the Amendment (dependent on the Defendants' position following review) by June 11, 2026. Following the conferral with opposing counsel about this process, and Plaintiffs' election to file the Motion for Leave without first submitting a draft Second Amended Complaint to Defendants for review, the undersigned advises the Court that Defendants are reserving all rights to oppose the Motion for Leave to Amend as provided by the May 28, 2026, Order.

## INTRODUCTION

### 1. Procedural History to Date

On December 5, 2025, Plaintiffs filed this case under this Court's diversity jurisdiction, 28 U.S.C. §1332, because the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of the United States and citizens or subjects of foreign states. The December 5, 2025 Complaint [Doc. #1] named seven Defendants: (1) Barclays Bank PLC, a multinational entity headquartered in the United Kingdom; (2) Barclays Trust International, a wholly owned subsidiary of Barclays Bank PLC operating on the Isle of Jersey; (3) HSBC Holdings PLC, a British bank headquartered in England; (4) HSBC Bank USA, National Association, a Delaware Corporation with a principal place of business in Virgina; (5) HSBC

Private Bank (Jersey) Limited, an entity operating on the Isle of Jersey; (6) Zahed Trust Company Limited (d/b/a Zedra), another entity operating on the Isle of Jersy, and (7) Zedra Holdings (US) Inc., a Delaware Corporation with its principal place of business in Massachusetts.

Five of the Defendants were served, and entered appearances before April 2026, specifically: Barclays Bank PLC appeared in the case on February 2, 2026 [Doc. #36]; HSBC Bank USA, National Association, appeared in the case on February 4, 2026 [Doc. #44]; Zedra Holdings (US) Inc., appeared in the case on February 5, 2026 [Doc. #47]; Barclays Trust International appeared in the case on March 27, 2026 [Doc. #70]; and HSBC Holdings PLC appeared in the case on March 30, 2026 [Doc. #76]. On April 3, 2026, the Magistrate Judge entered a Minute Order [Doc. #83] extending deadlines for the appearing defendants to respond until May 13, 2026, and ordering the parties to be prepared to address how to serve the remining two defendants HSBC Private Bank (Jersey) Limited and Zahed Trust Company Limited (d/b/a Zedra) which the appearing HSBC and Zedra Defendants asserted were non-existent.

Based on communications with counsel for the appearing Defendants concerning issues of misnamed or misidentified Defendant entities, among other things, Plaintiffs filed an Amended Complaint on April 16, 2026 [Doc. #84[1]], in an effort to get the correct parties into the case. In addition to addressing the purported misidentification of certain parties, the April 16, 2026, Amended Complaint clarified a number of factual allegations to provide more accurate or detailed notice pleading, and added a third claim for relief for unjust enrichment. With regard to correcting

---

[1]     On April 16, 2026, the undersigned simply filed an Amended Complaint without submitting a notice of filing and redlined version as required by the Local Rules. The Magistrate Judge issued a Minute Order [Doc. #89] on April 17, 2026, requiring Plaintiffs to comply with the Local Rules in this regard. On April 20, 2026, Plaintiffs filed their Notice of Filing Amended Complaint [Doc. #90] with a redlined copy of the Amended Complaint.

the identity of parties, the Amended Complaint removed As to the parties, the April 16 Amended Complaint removed the two allegedly non-existent Defendants HSBC Private Bank (Jersey) Limited and Zahed Trust Company Limited (d/b/a Zedra), and added three new Defendants: Barclays PLC, a United Kingdom-based multinational financial services company and holding company for the Barclays banking group, headquartered in England; HSBC Bank PLC, a subsidiary of Defendants HSBC Holdings PLC headquartered in England; and Zedra Trust Company (Jersey) Limited, a successor to Barclays Trust Company (Jersey) Limited. Since the filing of the Amended Complaint on April 16, none of the three new defendants, all of whom are related entities to previously appearing Defendants, have agreed to waive service of process, none have been served, and none have entered appearances.

Since late April, the undersigned and cous el for all appearing Defendants have had a number of conferences, and exchanged written communications, concerning Defendants assertions that the court lacks jurisdiction over some or all of the claims and parties, that the case is in the incorrect forum, and that the Amended Complaint does not provide sufficient specificity for the Defendants to understand what is being claimed against some or all of them. As a result of those discussions, the undersigned advised Defendants that the most logical way to proceed would be to file a second amended complaint consolidating Defendant parties, providing sufficiently more factual detail about the underlying parties and conduct so that they would have greater notice of the basis for the claims against them, as well as this Court's proper jurisdiction over the claims.

In light of the conferrals, and in anticipation that a newly amended complaint would be filed, on May 5, 2026, the Parties filed a Joint Motion to Reset the Scheduling Conference [Doc. #94] from May 13, to June 18, 2026, and on May 7, 2026, the Parties filed a Joint Motion to Extend the Deadline to Answer or Respond to the Amended Complaint [Doc. #97]. On May 6, the

Magistrate Judge issued a minute order granting the Joint Motion to Reset, that rescheduled the Scheduling Conference to June 18 [Doc. #96], and on May 12, the Magistrate Judge issued another minute order granting, in part, the Motion to Extend by setting a response or answer deadline for August 13, 2026, with the ability for Defendants to move for more time on a showing of good cause [Doc. #99]. Over the past 10 days, the undersigned and Defense Counsel collective worked on approach to modify the schedule to allow the Second Amended Complaint to be filed, and then move the case forward to a scheduling conference and responses to the pleading, resulting in the Joint Motion to Continue the Rule 16 Scheduling Conference and Related Deadlines filed on May 28, 2026 [Doc. #101] and the Magistrate Judge's order of the same date granting the Joint Motion and ordering that Plaintiff file the Motion for Leave to Amend and resetting the Scheduling Conference to August 18, 2026 [Doc. #103].

To be clear, this is a substantial case alleging that a number of English and Jersey banks and trusts companies – including some of the largest financial services companies in the world – engaged in an intricate and lengthy series of actions to use assets placed in trusts decades ago for Plaintiffs benefit by Tanya Dick's father, John Dick, Sr., as part of massive money laundering enterprise to benefit the Defendants' businesses while ultimately causing the Plaintiffs billions of dollars of losses. Given the complexity of the underlying events, and the sophistication of the Defendants and their scheme, it is not surprising that getting the correct parties in front of a tribunal to, ultimately, address the substance of the claims will likely consume an inordinate amount of procedural effort and time for the attorneys and the Court. Plaintiffs submit that their efforts to now get a more detailed accurate Second Amended Complaint filed as the operative pleading before any Defendant has filed any substantive response or answer in the case – and now more

than two months before the due date for any response – will be of great value to the Parties and the administration of justice in addressing this important and complex matter.

### 2.    The Second Amended Complaint

As noted above, no defendant has yet filed any answer, motion to dismiss, or other substantive response in opposition to the Complaint, or the Amended Complaint filed on April 16, 2026. No Rule 26 disclosures gave been made in the case by any party. No discovery requests have been made. Still, discussions and correspondence between counsel have made clear to the undersigned that Defendants will, eventually, seek to attack the operative pleading in the case as insufficient, unable to state a plausible cause of action, and asserting claims beyond the jurisdiction of this Court, in an effort to avoid facing the merits of the claims against them. In an effort defeat those efforts as promptly as possible, the undersigned has substantially revised and enhanced the existing Amended Complaint to consolidate the list of Defendants, provide a more detailed and logical analysis of the factual basis for the claims and jurisdiction for the claims against these Defendants, and annotated the new Second Amended Complaint with more than 75 exhibits.

The operative April 16 Amended Complaint asserted three causes of action:

(1) Fraud on a Power / Breach of Trust against Defendants Barclays PLC, Barclays Bank PLC, Barclays Trust International, Zedra Trust Company (Jersey) Limited (through Barclays Trust International), and Zedra Holdings (US) Inc;

(2) Dishonest Assistance / Breach of Trust against Defendants Barclays PLC, Barclays Bank PLC, Barclays Trust International, HSBC Holdings PLC; HSBC Bank PLC, and HSBC Bank USA National Association; and

(3) Unjust Enrichment and Equitable Compensation against Defendants Barclays PLC, Barclays Bank PLC, Barclays Trust International, and HSBC Holdings PLC.

The Second Amended Complaint dismisses four Defendants from the April 16 Amended Complaint – Barclays PLC; Barclays Trust International; HSBC Holdings, PLC; and ZEDRA

6

Holdings (US) Inc. – and clarifies that Defendant Zedra Trust Company (Jersey) Limited

purchased Barclays Trust Company (Jersey) Limited which was formerly known as Barclays

Private Bank & Trust Limited f/k/a Barclaytrust International Limited (the original Barclays Trust

International), elucidates the factual allegations in greater detail, clarifies and restates the original

three claims in the Amended Complaint, and adds additional claims. Specifically, the Second

Amended Complaint claims:

(1) Improper Purpose Improper Purpose by both Plaintiffs against Defendants Barclays Bank PLC, and Zedra Trust Company (Jersey) Limited (through Barclays Trust International);

(2) Dishonest Assistance in Breach of Trust and Fiduciary Duty by both Plaintiffs against all Defendants;

(3) Equitable Compensation, Including for Enterprise-Wide Retained Profits and Failure to Remediate by both Plaintiffs against Defendants Barclays Bank PLC, HSBC Bank PLC; and HSBC Bank USA NA;

(4) Dishonest Assistance in Breach of Trust and Fiduciary Duty by Plaintiff Darrin Stock against all Defendants;

(5) Unlawful Means by Plaintiff Darrin Stock against all Defendants; and

(6) Unconscionable Retention / Money Had and Received by Plaintiff Darrin Stock against HSBC and all Defendants benefiting therefrom.

The Second Amended Complaint with Exhibits is attached as Exhibit 1 to this Motion For

Leave, and a redline version comparing the Second Amended Complaint to the April 16, 2026,

Amended Complaint is attached as Exhibit 2.

## ARGUMENT

Under Fed. R. Civ. P. 15(a)(1) a party "may amend its pleading once as a matter of course

no later than" 21 days after the opposing party files a responsive pleading or Rule 12 motion. In

this case, Plaintiffs already amended the complaint one time, as a matter of course, before any

defendant answered or filed a Rule 12 motion. Accordingly, having used their "once as a matter

7

of course" amendment on April 16, 2026, Plaintiffs now can amend again "only with the opposing

party"s written consent or the court's leave." *Id.* at 15(a)(2). As noted above, to move this matter

forward now – instead of adding another week or two to a process to obtain the consent of all

Defendants – the Plaintiffs file a Motion to obtain the Court's Leave to Amend. If the Defendants

all choose not to oppose this Motion, then they can still give consent and move this case along

more expeditiously to the process of responding or filing Rule 12 motions.

If, however, any of the Defendants elect to oppose the Motion to Amend, the Court should

heed Rule 15(a)(2)'s mandate that "the court should freely give leave when justice so requires."

*See, Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L. Ed. 2d 222 (1962). There, the

Supreme Court made clear in an often cited holding:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper
> subject of relief, he ought to be afforded an opportunity to test his claim on the
> merits. In the absence of any apparent or declared reason—such as undue delay, bad
> faith or dilatory motive on the part of the movant, repeated failure to cure
> deficiencies by amendments previously allowed, undue prejudice to the opposing
> party by virtue of allowance of the amendment, futility of amendment, etc.—the
> leave sought should, as the rules require, be 'freely given.'

*Id; see Minter v. Prime Equip. Co.,* 451 F.3d 1196, 1204 (10th Cir. 2006) ("The purpose of the

Rule is to provide litigants 'the maximum opportunity for each claim to be decided on its merits

rather than on procedural niceties.'").

Indeed, this very division of the District Court recently relied on *Forman* and the "freely

given" standard for amendment in granting a motion for leave to amend a complaint in *McCormick*

*v. HRM Res., LLC*, 24-CV-00823-CNS-CYC, --- F.Supp.3d ----, 2026 WL 1213398, at *3 (D.

Colo. May 4, 2026). In that case Plaintiffs initially filed their fraud, trespass, and fraudulent

transfer claims in Colorado's state courts, but Defendants removed the case to this Court.

8

Defendants then unsuccessfully moved to dismiss the case, and Plaintiffs successfully moved to certify a plaintiff class. *Id.* at \*2.

Relying on Colorado's rules of procedure and exemplary damages statute, Plaintiffs then sought leave to amend the complaint to add claims for exemplary damages. This Court concluded that the Colorado scheme, preventing an amendment to add punitive damages before certain discovery is completed, conflicted with Rule 15(a)(2)'s "'one-size-fits-all-formula' for amendments," which specifies no waiting period for certain amendment (like exemplary damages claims) nor any "evidentiary requirement" to allow amendment. *Id.* at \*3. Instead, the Rule encourages liberal amendment unless presented with "**a showing of** undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Id.* at \*6 (quoting *Duncan v. Manager, Dep't of Safety, City & Cnty. of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005), and citing *Foman v. Davis*, 371 U.S. at 182). Indeed, under the "freely given" standard, Plaintiffs need not show a lack of delay, bad faith, or undue prejudice. Rather, the "party contesting the motion to amend has the burden of proving that the amendment should be refused on one of these bases." *Openwater Safety IV, LLC v. Great Lakes Ins. SE*, 435 F. Supp. 3d 1142, 1151 (D. Colo. 2020)

As it did in *McCormick*, the Court should freely give Plaintiffs here leave to file the Second Amended Complaint in this case because there can be no meaningful showing to the Court that amending the April 16, 2026, Amended Complaint with the attached Second Amended Complaint reflects undue delay, undue prejudice to the Defendants, bad faith or dilatory motive by Plaintiffs, failure to cure deficiencies by amendments previously allowed, or futility.

9

### (a) The Second Amended Complaint is not offered to cause undue delay

While "[l]ateness does not of itself justify the denial of the amendment …[a] party who delays in seeking an amendment is acting contrary to the spirit of the rule and runs the risk of the court denying permission because of the passage of time." *Minter*, 451 F.3d at 1205. "At some point … delay will become undue, placing an unwarranted burden on the court, or will be become prejudicial, placing an unfair burden on the opposing party." *Id.* There can be no showing that there is "undue delay" here. In this case, no Defendant has responded to either the initial Complaint or the Amended Complaint, and the Court has already determined that they need not do so until August 18, 2026. Rather than a case where a claimant seeks to delay his amendments to make his claims a "moving target" or present a new issue on the "eve of trial," Plaintiffs here are attempting to clarify the claims and present the critical allegations in detail before any of the Defendants have even filed any substantive position. Plaintiffs' request to amend in this context is the opposite of undue delay.

### (b) Plaintiffs are not acting in bad faith

An amendment asserting claims "recklessly or with indifference to the law, as well as by acting in the teeth of what [legal counsel] knows to be the law" may be denied on the basis of bad faith. *Corp. Stock Transfer, Inc. v. AE Biofuels, Inc.,* 663 F. Supp. 2d 1056, 1061 (D. Colo. 2009). While the Defendant in this case may vigorously oppose the factual veracity of the amendment, and can "certainly contest[] issues of law with respect to the applicability and interpretation" of the law to the facts, that will not satisfy their recklessness and indifference burden for bad faith. *Id.* at 1064. To the contrary, those objections make up "the bread and butter of the American advocacy system." *Id.*

10

*(c) Defendants cannot identify any unfair prejudice from allowing the amendment*

As with showing undue delay, to defeat this Motion for Leave, Defendants would need to show that they will suffer some unfair prejudice if the Complaint is amended. This is not the prejudice that any defendant arguably suffers just from the fact of having to defend a lawsuit. Rather, it is a prejudice resulting from the act of amending that lawsuit during the case – such as having to restructure its defense strategy, reengage in discovery, or retain different experts. In light of the fact that none of the Defendants have yet to offer any substantive opposition to the Plaintiffs' claims, none have advanced any defense strategy, identified any witness or document, or engaged in any discovery, there can be no showing of any unfair prejudice from having to oppose the Second Amended Complaint instead of the April 16 Amended Complaint.

*(d) Any argument that the Second Amended Complaint is futile is premature*

In *McCormick*, this Court recently suggested that a "futility" argument raised to deny the amendment of a complaint that has not yet even been the subject of a response appears premature. There, this Court noted that examining "futility" could require a court to address, at the motion for leave to amend the pleading stage before the original pleading had ever been addressed, "whether an amended complaint alleges sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face under Rule 8 . . . so as to withstand a motion to dismiss under Rule 12(b)(6)." *McCormick*, --- F.Supp.3d at ----, 2026 WL 1213398 at *3. In cases like this one, where the Defendants have not yet even responded to the original complaint, the Court recognized that "even that [futility] standard does not necessarily bar amendment … because the 'futility argument seems to place the cart before the horse,' it is 'better served by waiting to assert Rule 12 motions until the operative complaint is in place.'" *Id.* (*quoting Gen. Steel Domestic Sales, LLC v. Steelwise, LLC*, No. 07-cv-01145-DME-KMT, 2008 WL 2520423, at *4 (D. Colo. June 20, 2008)

(Ebel, J.)). The Court should not permit Defendants to use a "futility" argument to subject the yet unfiled Second Amended Complaint to a full Rule 12(b)(6) analysis at this stage, and then have a second chance to raise their Rule 12(b)(6) arguments after the motion for leave is granted and the Second Amended Complaint becomes the operative pleading.[2]

## CONCLUSION

Before any Defendant has ever responded to the April 16, 2026, Amended Complaint (the currently operative pleading), and months before their August deadline to do so, Plaintiffs seek leave to file a Second Amended Complaint to elucidate the allegations and add additional claims. Under Federal Rule of Civil Procedure 15(a)(2)'s "freely given" standard the Motion should be granted and leave to file the Second Amended Complaint should be provided.

WHEREFORE, Plaintiffs respectfully requests that the Court grant the Motion for Leave to File the Second Amended Complaint attached as Exhibit 1, direct the Clerk to accept the Second Amended Complaint for filing as the operative pleading in the case; change the case caption to reflect that of the Second Amended Complaint, and grant such other relief as appropriate.

Respectfully submitted June 4, 2026,

**EDWARDS KIRBY, LLP**

/s/ *Johnny R. Edwards*
Johnny R. Edwards

3201 Glenwood Avenue
Suite 100
Raleigh, N.C. 27612
Tel: 919-780-5400
jedwards@edwardskirby.com

---

[2] In a similar vein, the "repeated failure to cure" element of the "freely given" standard is not relevant in this case, as Plaintiffs have never been subject to any requirement to cure a deficient pleading in this case in the first instance.

**PATTESON LLP**

*/s/John Patteson*
John Patteson

3900 E. Mexico Ave. Suite 300
Denver, CO 80113
303-519-0775
jpatteson@pattesonllp.com

**SALIMAN LAW**

*/s/ Mark E. Saliman*
Mark E. Saliman
3900 E. Mexico Ave., Suite 300
Denver, CO 80210
720-907-7652
mark@salimanlaw.com

**COUNSEL FOR PLAINTIFFS TANYA DICK-STOCK
AND DARRIN STOCK**

**CERTIFICATE OF SERVICE**

I certify that on June 4, 2026, I have caused to be electronically filed this PLAINTIFFS'
MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT with the Clerk of Court
using CM/ECF system which will send notification of such filing to all counsel of record.

*/s/ John Patteson*
John Patteson

13