**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:25-cv-03923-CNS-CYC

TANYA DICK-STOCK and DARRIN STOCK,

Plaintiffs,

vs.

BARCLAYS BANK PLC;
HSBC BANK PLC;
HSBC BANK USA, NATIONAL ASSOCIATION; and
ZEDRA TRUST COMPANY (JERSEY) LIMITED
(f/k/a BARCLAYTRUST INTERNATIONAL LIMITED),

Defendants.

---

**DEFENDANTS' MOTION TO STAY DISCOVERY, INITIAL DISCLOSURES, AND DESIGNATION OF NONPARTIES AT FAULT**

---

Defendants Barclays Bank PLC; HSBC Bank USA, National Association; and Zedra Trust Company (Jersey) Limited (f/k/a Barclaytrust International Limited) ("Defendants"), by and through undersigned counsel, hereby jointly move to stay discovery, the exchange of initial disclosures under Fed. R. Civ. P. 26(a)(1)(a), and the deadline to designate nonparties at fault pursuant to Colo. Rev. Stat. § 13-21-111.5(3)(b), pending resolution of Defendants' forthcoming threshold motions to dismiss, including on jurisdictional grounds.

## CERTIFICATE OF CONFERRAL

Pursuant to D.C.COLO.LCiv.R 7.1(a), Defendants' counsel attempted to confer with counsel for Plaintiffs on five separate occasions including by email providing a

draft of a joint motion on July 23, July 29, August 4, August 7 and August 10. Counsel for Plaintiffs' acknowledged the email and draft on July 23 and August 4, but none of Plaintiffs' attorneys was available to confer by phone and none provided a substantive response to the draft joint motion. On August 11, the afternoon of this filing, Mr. Saliman responded, apologizing for his delay but informing the Defendants that Plaintiffs had not yet reached a position on the motion and requested an enlargement of time until Monday, August 17. Because the request came in after hours for many of Defendants' representatives and on the day of the Court-ordered deadline, Defendants file this Motion in accordance with the deadline and after extended good faith conferral efforts. Given Plaintiffs' counsel's representations, Defendants hope Plaintiffs file their agreement with the Court on August 17 and the Motion can be considered a joint motion as initially contemplated.

**BACKGROUND**

On December 5, 2025, Plaintiffs filed their initial Complaint. ECF No. 1. On June 4, 2026, Plaintiffs moved for leave to file a Second Amended Complaint ("SAC"). ECF No. 106. On July 7, 2026, the parties filed a joint motion for extension of time for Defendants to respond to the SAC and associated deadlines (the "Joint Motion"). ECF No. 111. In the Joint Motion, Defendants stated they did not oppose Plaintiffs' motion for leave to amend, and in so agreeing, the parties set forth proposed deadlines and page-limitations for Defendants' anticipated motions to dismiss the SAC. The parties further jointly stated: "On or before August 11, 2026, the parties shall jointly file a Motion to Stay Discovery and the Exchange of Initial Disclosures under Rule

26(a)(1)(A) due to threshold issues Defendants plan to raise in their Motions to Dismiss." The Court granted Plaintiffs' motion on July 8, 2026, ECF No. 114, and the SAC was filed on July 13, 2026, ECF No. 115. In the same minute order, the Court ordered that on or before August 11, 2026, the parties file either a joint motion to stay discovery or a motion asking Court to reset the scheduling conference. *Id.*

Defendants plan to file motions to dismiss the SAC on several threshold grounds, including without limitation: (a) under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction; (b) under Rule 12(b)(6) for failure to state a claim; and (c) under the doctrine of forum non conveniens. Further, Defendants will seek dismissal of certain claims under Rule 12(b)(1) for lack of standing.

Given the threshold issues Defendants plan to raise—including issues pertaining to the Court's jurisdiction over all Defendants—Defendants seek a stay of discovery, the exchange of initial disclosures, and the deadline to designate nonparties at fault,[1] pending the Court's resolution of the motions to dismiss.

## LEGAL STANDARDS

The decision to enter a stay is within the Court's discretion. *E.g.*, *Genberg v. Porter*, No. 11-cv-02434-WYD-MEH, 2012 U.S. Dist. LEXIS 25119, at *2 (D. Colo. Feb. 27, 2012). Courts consider five factors in determining whether to stay discovery: (1) the plaintiff's interests in proceeding expeditiously and the potential prejudice of

[1] On March 5, 2026, Barclays Bank PLC filed a Motion for Leave to Designate Nonparties at Fault Out of Time pursuant to Colo. Rev. Stat. § 13-21-111.5(3)(b), seeking to extend the 90-day presumptive deadline from March 5, 2026 to August 11, 2026. ECF No. 59. On the same date, prior Defendant Zedra Holdings (US) Inc. filed a substantially similar motion. *See* ECF No. 61. On March 18, 2026, the Court granted both motions and extended the deadline for those defendants to designate nonparties at fault to August 11, 2026. ECF No. 64.

delay, (2) the burden on the defendants, (3) the convenience to the Court, (4) the interests of persons not parties to the civil litigation, and (5) the public interest.[2] *See String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 05-cv-01934-LTB-PAC, 2006 U.S. Dist. LEXIS 97388, at *4–5 (D. Colo. Mar. 30, 2006); *see also Edwards v. Zenimax Media, Inc.*, No. 12-cv-00411-WYD-KLM, 2012 U.S. Dist. LEXIS 68816, at *6–13 (D. Colo. May 17, 2012) (applying the five *String Cheese* factors in granting a stay). Courts in this District "have recognized that a stay is warranted while the issue of jurisdiction is being resolved." *Elec. Payment Sys., LLC v. Elec. Payment Sols. of Am., Inc.*, No. 14-cv-02624-WYD-MEH, 2015 U.S. Dist. LEXIS 82724, at *4 (D. Colo. June 24, 2015); *see also Edwards*, 2012 U.S. Dist. LEXIS 68816, at *13 (staying discovery pending resolution of motion to dismiss); *Dauwe v. Miller*, No. 08-cv-02481-LTB-KMT, 2009 U.S. Dist. LEXIS 17797, at *6 (D. Colo. Feb. 26, 2009) (suspending initial disclosures and staying discovery pending resolution of motion to dismiss).

Further, courts within this district routinely stay cases where no scheduling order has been entered, no discovery has been exchanged, and no responsive pleading has been filed. *See Glapion-Pressley v. City & Cnty. of Denver*, 2021 WL 12173261, at *2 (D. Colo. Dec. 21, 2021) ("The case remains at the early stage. No scheduling order has been entered yet. Consequently, Defendants have made their

---

[2] This Court also has discretion to determine that "a longer period is necessary" for the designation of nonparties at fault per Colo. Rev. Stat. § 13-21-111.5(3)(b) based upon whether (1) the neglect was excusable; (2) the party making the late designation has alleged a meritorious defense or claim; and (3) relief from the deadline would be inconsistent with equitable considerations. *See Traenkner v. Capalbo*, No. 15-CV-00743-WYD-KMT, 2016 WL 503079, at *2 (D. Colo. Feb. 9, 2016). This Court evaluated these factors in granting the prior motion to extend, ECF No. 64, which entail similar equitable considerations as the *String Cheese* factors. As such, the parties do not separately analyze them herein.

request before the start of substantive litigation activity."); *Waak v. City of Woodland Park*, 2022 WL 22828470, at *2 (D. Colo. June 24, 2022) (granting stay where "[t]he case remains at the early stage of development," "no scheduling order has been entered yet," and "Defendants [requested relief] before the start of substantive litigation activity"); *Rodriguez Uzueta v. Colo. Dep't of Corrs.*, 2023 WL 12132591, at *1 (D. Colo. Sept. 20, 2023) ("The Court notes that the case remains at an early stage. A brief stay to determine the pending dispositive motion, which could resolve this matter in its entirety, will not unduly prejudice Plaintiff at this point in the litigation.").

## ARGUMENT

### A. A Stay Will Not Prejudice Plaintiffs

First, Plaintiffs have not substantively responded for nearly three weeks to Defendants on the contemplated joint motion for a stay of discovery and initial disclosures. They have not articulated any prejudice to Defendants despite ample opportunity in conferral, whereas their failure to timely engage with Defendants' counsel on these issues suggests there is no material prejudice. Even if Plaintiffs ultimately oppose this motion, the Court balances Plaintiffs' desire to proceed expeditiously with their case against the burden on Defendants going forward. *String Cheese Incident*, 2006 U.S. Dist. LEXIS 97388 at *4. As set forth below, where, as here, defendants seek a dismissal of a case in its entirety on jurisdictional grounds (among other legal bases), the burden and prejudice to Defendants in proceeding with discovery prior to a ruling on the forthcoming motions to dismiss outweighs the interest of Plaintiffs in expeditious discovery. *See Barnes v. Omnicell*, No. 24-cv-00538-PAB-

CYC, 2026 U.S. Dist. LEXIS 10241, at *5 (D. Colo. Jan. 20, 2026) (granting motion to stay discovery and noting only "marginal prejudice" occasioned by a stay "given the lengthy and unique procedural history of this case"). In fact, as recently as July 8, 2026, this Court reached the same conclusion, staying discovery pending a foreign defendant's motion to dismiss in similar circumstances. Min. Entry, *Dreiling v. Corden Pharma Int'l Switz., LLC*, No. 1:26-cv-01362-RMR-CYC, ECF No. 37 (D. Colo. July 8, 2026).

**B. The Burden on Defendants Favors a Stay**

Second, the undue burden that Defendants would suffer without a stay is substantial. A stay is appropriate if "resolution of a preliminary motion may dispose of the entire action, and this is even more true when the preliminary motion raises issues of jurisdiction*." Retzolff v. Jacobs Ent., Inc.*, No. 24-cv-03538-PAB-KAS, 2025 U.S. Dist. LEXIS 276767, at *3 (D. Colo. Sept. 12, 2025). "[S]ubjecting a party to discovery when a motion to dismiss for lack of personal jurisdiction is pending may subject him to undue burden or expense, particularly if the motion to dismiss is later granted." *String Cheese Incident*, 2006 U.S. Dist. LEXIS 97388 at *4; *see also Lumen Techs. Serv. Grp., LLC v. Cec Grp. LLC*, No. 23-cv-00253-NYW-KLM, 2023 U.S. Dist. LEXIS 159529, at *5 ("the burden on a defendant is high where personal jurisdiction over the defendant is in question"); *Genberg*, 2012 U.S. Dist. LEXIS 25119, at *4 ("Courts have recognized that a stay is warranted while the issue of jurisdiction is being resolved."); *Barnes*, 2026 U.S. Dist. LEXIS 10241, at *5.

Here, the burden on Defendants is particularly onerous because the SAC

alleges misconduct dating back many decades and primarily involving Jersey, UK and Panamanian-based entities and actions that allegedly took place in Jersey and in other foreign countries. *See, e.g.,* SAC, ¶ 84 ("The documents span several decades and multiple jurisdictions."); ¶ 92 (alleging trust at issue was created in 1984); ¶ 120 ("A July 17, 1979 meeting establishes the architectural starting point for the bad acts later described in this Complaint."); ¶¶ 143-144 (alleging that in 1984 Barclaytrust International Limited ("BTI") resigned as trustee over certain trusts and appointed La Hougue as an ultra vires act); ¶¶ 162-163 (alleging certain Defendants resigned as trustee of DFT1 in 1995 and improperly appointed La Hougue as a successor trustee); ¶¶ 167-168 (alleging that beginning in 1995, "La Hougue, with [Defendants'] direct assistance would . . . begin a systematic and years-long campaign of defalcation of DFT1 and the Jersey Trusts' assets for the benefit of La Hougue insiders and la Hougue clients."); ¶ 188 ("La Hougue files show that activities conducted on behalf of the Maxwells and Telemonde by La Hougue utilized [a Defendant's] accounts in Jersey."); ¶¶ 208-209 (alleging La Hougue formed shell entities in the British Virgin Islands in furtherance of its alleged scheme with a Defendant); ¶ 233 (alleging acts in furtherance of alleged scheme involving accounts in Panama and Jersey). Over this expansive time period, Defendants' employees have come and gone, certain Defendants have undergone company reorganizations and/or transitions and new document management systems have been deployed to replace old systems. As a result of the lengthy timeframe at issue and the breadth of the geographic reach alleged in the SAC, the burden on Defendants to locate evidence and witnesses,

including for purposes of initial disclosures, will be considerable. *See Zayo Grp., LLC v. Sender*, No. 25-cv-00662-CNS-TPO, 2025 U.S. Dist. LEXIS 279008, at *12 (D. Colo. Sep. 11, 2025) (finding that "allowing discovery against five Defendants would be uniquely burdensome" where defendants were located outside the forum).

### C. The Court's Convenience Supports a Stay

Third, granting a stay would preserve the Court's resources and allow for more efficient resolution of the claims. "Where 'the pending motion to dismiss may result in the resolution of this case in its entirety, a stay may prevent a waste of judicial time and resources in handling discovery disputes regarding claims and parties that are subject to dismissal.'" *Retzolff*, 2025 U.S. Dist. LEXIS 276767, at *4–*5 (citation omitted). Defendants' motions to dismiss may dispose of the entire action as to one or more—or potentially all—of the Defendants, or at least narrow the scope of the parties and claims. Staying discovery now would therefore likely save the Court and the parties from engaging in unnecessary efforts. *See, e.g.*, *Sallie v. Spanish Basketball Fed'n*, No. 12-cv-01095-REB-KMT, 2013 U.S. Dist. LEXIS 132833, at *2 (D. Colo. Sep. 17, 2013) ("[A] stay may be appropriate if resolution of a preliminary motion may dispose of the entire action." (quotation omitted)). If the Court grants a stay, "scheduling and discovery issues will not be raised and will not take time from the Court that could otherwise be used to address the pending dispositive motions." *Burkitt v. Pomeroy*, No. 15-cv-02386-MSK-KLM, 2016 U.S. Dist. LEXIS 21068, at *5 (D. Colo. Feb. 22, 2016); *Harris v. United States*, No. 09-cv-02658-PAB-KLM, 2010 U.S. Dist. LEXIS 48315, at *3 (D. Colo. Apr. 27, 2010) ("[N]either [the Court's] nor the

parties' time is well-served by being involved in the 'struggle over the substance of the suit' when, as here a dispositive motion is pending.").

### D. The Burden on Third Parties Supports a Stay

Fourth, the interests of non-parties are a significant factor favoring a stay. "The non-parties to consider in this case include any witnesses that may be called to testify in this proceeding." *Aviva Life & Annuity Co. v. Davis*, No. 4:12-cv-00603-JEG, 2014 U.S. Dist. LEXIS 200713, at *25 (S.D. Iowa July 29, 2014). The SAC discusses many individuals and entities who are not named as parties to the case. *See, e.g.*, SAC, ¶ 24 ("Barclays acted in concert with . . . other third parties not named as Defendants herein," including "companies called La Hougue and Pantrust," and "individuals such as . . . John Dick Jr., Plaintiff Tanya Dick-Stock's brother, and Alan Fishman, a Colorado resident."); ¶ 34 (discussing Barclays' Associate General Counsel); ¶ 118 (discussing "former executives of BTI" and "BTI's former in-house accountant").

Subjecting individuals such as these to discovery requests and depositions before the SAC's threshold issues are addressed could place a significant and unnecessary burden on those individuals and entities. *See, e.g.*, *Melnick v. U.S. Bank N.A.*, No. 21-cv-03112-CMA-KLM, 2022 U.S. Dist. LEXIS 126279, at *9 (D. Colo. May 24, 2022) (absent a stay "third parties would also incur undue burden and expense that will be for n[a]ught if the Motion to Dismiss is granted"); *Nicols v. Adams Cnty. Bd. of Cnty Comm'rs*, No. 23-cv-00224-PAB-MEH, 2023 U.S. Dist. LEXIS 241959, at *5 (D. Colo. June 27, 2023) (discovery would burden nonparties unnecessarily if motion to dismiss were granted).

### E. The Public Interest Favors a Stay

Fifth, "the general public's primary interest in this case is an efficient and just resolution." *See Herman v. PBIA & Co.*, No. 19-cv-00584, 2021 U.S. Dist. LEXIS 221197, at *7 (D. Colo. June 10, 2021) (quotation omitted); *see also Toll Bros. v. Gu*, No. 25-cv-02884-PAB-CYC, 2026 U.S. Dist. LEXIS 21270, at *6–7 (D. Colo. Feb. 2, 2026) (concluding a stay favors the public interest because it could "avoid[] the unnecessary expenditure of the Court's . . . resources"); *U.S.A. Dawgs, Inc. v. Snyder*, No. 16-cv-02004-CMA-KLM, 2017 U.S. Dist. LEXIS 6922, at *8 (D. Colo. Jan. 18, 2017) ("Avoiding wasteful efforts by the Court clearly serves th[e public] interest."). As explained above, staying discovery pending resolution of the threshold issues is the most efficient and just means of moving this case forward.

## CONCLUSION

Together, the *String Cheese* factors strongly favor a stay. *Accord* Min. Entry, *Dreiling v. Corden Pharma Int'l Switz., LLC*, No. 1:26-cv-01362-RMR-CYC, ECF No. 37 (D. Colo. July 8, 2026). Accordingly, Defendants respectfully request that the Court grant this Motion and stay discovery, initial disclosures, and the deadline to designate nonparties at fault, pending resolution of all Defendants' motions to dismiss the SAC.[3]

---

[3] Pursuant to D.C.COLO.L.CivR 6.1(c), a copy of this Motion is being contemporaneously served by undersigned counsel on their respective clients.

Dated August 11, 2026.

Respectfully submitted,

*/s/ Kimberly J. Willis*
Kimberly J. Willis
Katherine D. Varholak
Anya A. Havriliak
HOLLAND & HART LLP
KDVarholak@hollandhart.com
KJWillis@hollandhart.com
AAHavriliak@hollandhart.com
555 17th Street, Suite 3200
Denver, CO 80202
Telephone: (303) 295-8000

*/S/ MARC J. GOTTRIDGE*
HERBERT SMITH FREEHILLS KRAMER (US) LLP
marc.gottridge@hsfkramer.com
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100

COUNSEL FOR DEFENDANT
ZEDRA TRUST COMPANY (JERSEY)
LIMITED (f/k/a BARCLAYTRUST
INTERNATIONAL LIMITED)

*/S/ ANGELA TARASI*
Angela Tarasi
KING & SPALDING LLP
ATarasi@kslaw.com
1401 Lawrence Street, Suite 1900
Denver, CO 80202
Telephone: (720) 535-2319

Leigh Nathanson
Brian Donovan
KING & SPALDING LLP
LNathanson@kslaw.com
BDonovan@kslaw.com
1290 Avenue of the Americas, 14th Floor
New York, NY 10104

Telephone: (212) 790-5359

COUNSEL FOR DEFENDANTS HSBC BANK USA, NATIONAL ASSOCIATION

*/s/ Sean M. Topping*
Sean M. Topping
NORTON ROSE FULBRIGHT US LLP
Sean.Topping@nortonrosefulbright.com
1301 Avenue of the Americas
New York, NY 10019
Telephone: (212) 318-3000

Laura Perlov
NORTON ROSE FULBRIGHT US LLP
Laura.Perlov@nortonrosefulbright.com
1225 17th Street, Suite 3050
Denver, CO 80202
Telephone: (303) 801-2700

COUNSEL FOR DEFENDANT BARCLAYS BANK PLC

**CERTIFICATE OF SERVICE**

I certify that on August 11, 2026, I have caused to be electronically filed the foregoing with the Clerk of Court using CM/ECF system which will send notification of such filing to all counsel of record.

*/s/ Cecilia Foster*______
Cecilia Foster, Legal Assistant

WORKSITE\39051329.v3