IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-03923-CNS-CYC

TANYA DICK-STOCK and
DARRIN STOCK,

Plaintiffs,

v.

BARCLAYS BANK PLC,
HSBC BANK PLC,
HSBC BANK USA, NATIONAL ASSOCIATION,
HSBC PRIVATE BANK (JERSEY) LIMITED, and
ZAHED TRUST COMPANY LIMITED (d/b/a ZEDRA),

Defendants.

---

**MINUTE ORDER**

---

**Entered by Cyrus Y. Chung, United States Magistrate Judge, on November 23, 2026.**

This matter is before the Court on the Plaintiffs' Motion to Extend Deadline to Complete Service of Second Amended Complaint, ECF No. 141. Oral argument will not materially assist in the resolution of this matter. *See* D.C.COLO.LCivR 7.1(h).

At this point, the motion appears to be more or less moot. The plaintiffs, on September 2, 2026, sought to extend the deadline for service on defendant HSBC Bank PLC to September 30, 2026, ECF No. 141 at 1, and for a corresponding extension of all defendants' deadline to respond to the complaint to November 2, 2026, *id.* At that time, the motion indicated that the plaintiffs had attempted service upon HSBC Bank PLC by means authorized by the Hague Convention on August 3, 2026, but that the execution of that attempt did not comply with the Hague Convention. *Id.* at 3–4. September 30, 2026 has now passed and, for aught that appears, no additional attempt at service was made during that time. *See* ECF No. 150 at 13.

In all events, Federal Rule of Civil Procedure 4(h)(2) governs service of an entity outside of the judicial districts of the United States and provides that it may be done in "any manner prescribed by Rule 4(f) . . . except personal delivery under (f)(2)(C)(i)." Rule 4(f)(1) provides for service pursuant to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents. Fed. R. Civ. P. 4(f). "The Supreme Court has made clear that the Hague Convention applies in cases 'where there is occasion to transmit a judicial or extrajudicial document for service abroad,' and that application of the Hague Convention is 'mandatory.'" *Narrin v. Doe*, No. 25-CV-00474-SH, 2025 WL 2659051, at *2 (N.D. Okla. Sept. 17, 2025) (quoting *Volkswagenwerk A.G. v. Schlunk*, 486 U.S. 694, 699 (1988)). The United Kingdom is a party to

the Hague Convention. *See Platonic Sys. Ltd. v. Jakobsson*, No. 24-CV-02569-TPO, 2025 WL 4091266, at *4 (D. Colo. Dec. 3, 2025). Rule 4(m) generally dictates the time limit for service, but it "does not apply to service in a foreign country under Rule 4(f) [or] 4(h)(2)." Fed. R. Civ. P. 4(m). And while "the time allowed for foreign service is not unlimited," there are "inherent challenges which plaintiff faces in trying to effect service on a foreign defendant" that can make limited extensions of time to effect service reasonable. *MacGirvin v. Sook*, No. CIV.A. 08-2197-KHV, 2009 WL 424587, at *2 (D. Kan. Feb. 19, 2009) (granting additional 60 days for service despite lack of reasonable efforts). Here, the plaintiffs hired a process server to serve HSBC Bank PLC. ECF No. 141 at 3–4. Service was attempted on August 3, 2026, in the United Kingdom. *Id.* The plaintiffs were apparently informed four weeks later, by the company they had contracted for service, that the attempt had failed to comply with the means authorized by the Hague Convention. *Id.* at 4. Those may or may not constitute reasonable efforts to serve HSBC Bank PLC, but regardless, a limited extension to serve it through September 30, 2026 would be appropriate in light of the difficulties inherent in serving a foreign defendant. *See MacGirvin*, 2009 WL 424587, at *2. That extension appears to make no difference for purposes of the pending motion to dismiss anyway.

The plaintiffs' motion, ECF No. 141, is therefore **GRANTED IN PART** to the extent any valid service occurred before September 30, 2026. As for the extension sought for the defendants to respond to the complaint, given that defendant HSBC Bank PLC joined the other HSBC entities in filing a motion to dismiss on September 17, 2026 and that the other defendants, after having their own motion for an extension of time to respond to the complaint granted, *see* ECF Nos. 147, 149, responded to the complaint on October 1, 2026, *see* ECF Nos. 152, 153, that portion of the motion is **DENIED** as moot.